**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4294**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROLANDO GALEANA-TREVINO, a/k/a Rolando Galeana Trevino, a/k/a Rodolfo
Romeromacias, a/k/a Rodolfo Romero, a/k/a Rodolfo Macias Romero, a/k/a Rodolfo
Macias-Geleana, a/k/a Augustine Garcia, a/k/a Augustine Macias Garcia, a/k/a
Marco Antonio Peres,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro. William L. Osteen, Jr., District Judge. (1:23-cr-00378-WO-1)

Submitted: May 19, 2025                          Decided: June 20, 2025

Before AGEE and RICHARDSON, Circuit Judges, TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for
Appellant. Sandra J. Hairston, United States Attorney, Mary Ann Courtney, Special
Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Galeana-Trevino appeals his sentence within his Guidelines range after pleading guilty to illegal reentry of an alien who was deported after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Galeana-Trevino contends that his sentence is unreasonable.  We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"  *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  "In reviewing whether a sentence is reasonable, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id*. (internal quotation marks omitted).  "The court's explanation must satisfy us that it 'has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority in light of § 3553(a).'"  *Id*. at 264.  "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted).  A sentence "'within or below a properly calculated Guidelines range is presumptively reasonable.'"  *Id*.

We have reviewed the record and Galeana-Trevino's arguments, and we conclude that his sentence is procedurally and substantively reasonable.  There were no objections

2

to the Guidelines calculations in the presentence report, and the district court adopted the calculations and imposed a sentence within the Guidelines range. The court considered Galeana-Trevino's arguments for a sentence below the range but reasonably determined that a sentence within the range was appropriate. The court did not base its decision on any clearly erroneous facts and adequately explained the decision in light of the § 3553(a) factors. Galeana-Trevino has not rebutted the presumption that his sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*